**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-68

UNITED STATES TAX COURT

JOHN K. EDGE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20054-12S.                    Filed August 19, 2013.

John K. Edge, pro se.

Emile Louis Hebert III, for respondent.

SUMMARY OPINION

ARMEN, Special Trial Judge:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]  Unless otherwise indicated, all subsequent section references are to the
(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's 2011 Federal income tax of $6,725 and an accuracy-related penalty of $1,345 pursuant to section 6662(a). After concessions by respondent,[2] the issues remaining for decision are whether petitioner is: (1) entitled to a dependency exemption deduction for Sharon Rodgers; (2) entitled to an earned income credit (EIC) with respect to D.R. and M.R.;[3] (3) entitled to the child tax credit and an additional child tax credit for D.R. and M.R.; and (4) liable for the accuracy-related penalty under section 6662(a).

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying

---

[1](...continued)
Internal Revenue Code in effect for the year in issue; all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Respondent concedes that petitioner is entitled to dependency exemption deductions for D.R. and M.R. and that petitioner is entitled to head of household filing status. Respondent also concedes that petitioner is entitled to an EIC without a qualifying child but not with respect to D.R. and M.R.

[3] This Court refers to minors by their initials. See Rule 27(a)(3).

exhibits.  Petitioner resided in the State of Louisiana at the time the petition was filed.

In 2011 petitioner was employed full time as a cook and earned wages of $8,727.  To supplement this income, petitioner also searched for roofing jobs, securing enough work to earn additional gross income of $7,398 in 2011.  Petitioner's total gross income in 2011, therefore, was $16,125.

During 2011 petitioner resided with and supported his fiancé Lisa Rodgers, her two children, D.R. and M.R., and her mother, Sharon Rodgers.  Petitioner is not the biological father of either D.R. or M.R.  Despite attempts to do so, petitioner has been unsuccessful in legally adopting D.R. and M.R.  Petitioner and Lisa Rodgers became engaged sometime in 2011 but had not yet married at the time of trial.

On or around December 13, 2011, Sharon Rodgers traveled to Florida for a Christmas holiday vacation.  On or around December 28, 2011, she returned from her vacation, but she moved out of petitioner's home a few days later.

Petitioner paid a commercial tax return preparer (commercial preparer), who had prepared petitioner's tax returns for several years, to prepare his Federal income tax return for 2011 (tax return).  In that regard, petitioner and Lisa Rodgers met with the commercial preparer to discuss the preparation of the tax return,

including the details of their relationship and living arrangement with respect to Sharon Rodgers, D.R., and M.R. As relevant herein, and pursuant to his commercial preparer's advice, petitioner claimed a dependency exemption deduction for Sharon Rodgers and D.R. (but not M.R.). Also pursuant to his commercial preparer's advice, petitioner claimed the EIC, the child tax credit, and the additional child tax credit, claiming D.R. (but not M.R.) as a qualifying child with respect thereto. Moreover, petitioner met with the commercial preparer to review the tax return before it was filed.

Respondent subsequently issued a notice of deficiency in which he disallowed, inter alia, petitioner's dependency exemption deduction for Sharon Rodgers as well as the EIC, the child tax credit, and the additional child tax credit petitioner claimed with respect to D.R. In the notice respondent also determined that petitioner was liable for the accuracy-related penalty.

Petitioner timely filed a petition for redetermination of the deficiency and penalty and asserted that he was entitled to an additional dependency exemption deduction, EIC, child tax credit, and additional child tax credit with respect to M.R. for 2011.[4]

---

[4] As noted above, respondent concedes that petitioner is entitled to a dependency exemption deduction for M.R. in 2011. See supra note 2.

Discussion

A. Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction or credit claimed. Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).[5]

B. Dependency Exemption Deduction

In general, a taxpayer may claim a dependency exemption deduction "for each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable year." Sec. 151(a), (c). Section 152(a) defines a dependent to include a "qualifying relative." An individual is a qualifying relative if a number of specific requirements are satisfied. As relevant herein, an individual is a qualifying relative if the individual, although unrelated by blood or marriage to the

---

[5] However, see sec. 7491(a)(1) which, under certain circumstances not present in the instant case, may shift the burden of proof to the Commissioner.

taxpayer, has the same principal place of abode as the taxpayer and is a member of the taxpayer's household for the taxable year. See sec. 152(d)(2)(H).

Section 1.152-1(b), Income Tax Regs., provides in pertinent part that "[t]he taxpayer and dependent will be considered as occupying the household for such entire taxable year notwithstanding temporary absences from the household due to special circumstances * * * [such as] vacation".

Petitioner contends that he is entitled to a dependency exemption deduction for Sharon Rodgers because she was a "qualifying relative" in 2011. Respondent argues that Sharon Rodgers was not a "qualifying relative" in 2011 because she allegedly did not reside in petitioner's household for the entire taxable year.[6]

The record demonstrates that Sharon Rodgers lived with petitioner from January 2011 through November 2011, and the parties do not contend otherwise. Rather, the parties focus their attention on the circumstances surrounding her travels during the end of December 2011. Sharon Rodgers traveled to Florida for a Christmas holiday vacation on or around December 13, 2011. Petitioner testified that she returned from her vacation on or around December 28, 2011, but moved out of his home a few days later. We accept petitioner's testimony, as we find it to

---

[6] The record establishes, and respondent does not dispute, that Sharon Rodgers otherwise qualifies as a "qualifying relative" pursuant to sec. 152(d).

be honest, forthright, and credible. On the basis of the record as a whole, we find that Sharon Rodgers had the same principal place of abode as petitioner and was a member of petitioner's household for the entire taxable year in issue. See sec. 1.152-1(b), Income Tax Regs. Therefore, we hold that Sharon Rodgers was a qualifying relative for purposes of section 152(d)(2)(H).

Accordingly, petitioner is entitled to a dependency exemption deduction with respect to Sharon Rodgers for 2011.

## C. Earned Income Tax Credit

In the case of an eligible individual, section 32(a)(1) allows an EIC. An "eligible individual" includes an individual who has a qualifying child for the taxable year. See sec. 32(c)(1)(A)(i).[7] As relevant herein, a "qualifying child" means a qualifying child as defined in section 152(c). Sec. 32(c)(3). An individual is a qualifying child if a number of specific conjunctive requirements are satisfied. See sec. 152(c). Among those requirements is the relationship requirement. See sec. 152(c)(2).

The relationship requirement is satisfied if the individual is either a child of the taxpayer or a descendant of such a child, sec. 152(c)(2)(A), or a sibling or

---

[7] An eligible individual also includes an individual who does not have a qualifying child. See sec. 32(c)(1)(A)(ii). Respondent concedes that petitioner is entitled to the EIC for 2011 without a qualifying child. See supra note 2.

stepsibling of the taxpayer or a descendant of such a sibling or stepsibling, sec. 152(c)(2)(B).

Petitioner and Lisa Rodgers were not married in 2011, so that M.R. and D.R. were not petitioner's stepchildren in that year.

Petitioner claimed D.R. as a qualifying child on his tax return for purposes of the EIC; however, D.R. does not bear a relationship to petitioner that satisfies the relationship requirement. D.R. is not petitioner's child or stepchild, and does not fall into any of the other categories prescribed by section 152(c)(2). Therefore, D.R. was not a qualifying child as defined in section 152(c) in 2011.

Although not claimed as a qualifying child on his tax return, petitioner argues that M.R. is a qualifying child for purposes of the EIC. However, M.R. is not a qualifying child for the same reasons that D.R. is not a qualifying child: M.R. does not bear a relationship to petitioner that satisfies the relationship test. See sec. 152(c). M.R. is not petitioner's child or stepchild, and does not fall into any of the other categories prescribed by section 152(c)(2). Therefore, M.R. was not a qualifying child as defined in section 152(c) in 2011.

Accordingly, as a matter of law, petitioner is not entitled to the EIC with respect to D.R. or M.R. for 2011. See sec. 32(c)(1)(A)(i).

D.  Child Tax Credit and Additional Child Tax Credit

Section 24(a) and (c)(1) provides that a taxpayer is entitled to a child tax credit with respect to "each qualifying child", as defined in section 152(c), who has not attained age 17.  Section 24(d) provides that a portion of the credit may be refundable, which portion is commonly referred to as the additional child tax credit.

Petitioner claimed D.R. as a qualifying child on his tax return for purposes of the child tax credit and additional child tax credit and also argues that M.R. is a qualifying child for purposes of such credits.  However, as we have previously concluded, D.R. and M.R. were not petitioner's qualifying children as defined by section 152(c) in 2011, as neither was petitioner's child or stepchild or otherwise related to him within the definition of the statute.  It follows that, as a matter of law, petitioner is not entitled to a child tax credit or an additional child tax credit for 2011 with respect to D.R. or M.R.  See sec. 24(c)(1).

E.  Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) imposes an accuracy-related penalty equal to 20% of the amount of any underpayment of tax that is due to the taxpayer's negligence or disregard of rules or regulations or that is attributable to any substantial understatement of income tax.  The term "negligence" includes any

failure to make a reasonable attempt to comply with the tax laws, and "disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c). By definition, an understatement is the excess of the tax required to be shown on the tax return over the tax actually shown on the return. Sec. 6662(d)(2)(A). An understatement of income tax is "substantial" if it exceeds the greater of $5,000 or 10% of the tax required to be shown on the return. Sec. 6662(d)(1)(A).

With respect to a taxpayer's liability for any penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to come forward with sufficient evidence indicating that it is appropriate to impose the penalty. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

Section 6664(c)(1) provides an exception to the imposition of the accuracy-related penalty with respect to any portion of an underpayment if the taxpayer establishes that there was reasonable cause for such portion and the taxpayer acted in good faith with respect to such portion. The decision as to whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis,

taking into account the pertinent facts and circumstances, including the taxpayer's knowledge, education, and experience, as well as the taxpayer's reliance on professional advice. Thomas v. Commissioner, T.C. Memo. 2013-60; see also Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000) (providing a three-prong test to establish reasonable reliance on professional advice), aff'd, 299 F.3d 221 (3d Cir. 2002); sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important factor is the extent of the taxpayer's effort to assess his or her proper tax liability. Humphrey, Farrington & McClain, P.C. v. Commissioner, T.C. Memo. 2013-23; sec. 1.6664-4(b)(1), Income Tax Regs.

Assuming, arguendo, that respondent has met his burden of production in the instant case,[8] we nevertheless conclude that petitioner has carried his burden with respect to reasonable cause and good faith. It is clear from the record that petitioner, a cook, is not a tax expert or experienced in tax matters. Moreover, we find that petitioner relied reasonably and in good faith on his commercial preparer, with whom he had an established relationship of several years' standing without incident and with whom he met to fully disclose the information necessary to determine his proper tax liability for 2011. See Thomas v. Commissioner, T.C.

_____

[8] Respondent will have met his burden of production if Rule 155 computations show that petitioner had a substantial understatement of income tax. See, e.g., Jarman v. Commissioner, T.C. Memo. 2010-285.

Memo. 2013-60; <u>see also</u> <u>Neonatology Assocs., P.A. v. Commissioner</u>, 115 T.C. at 98-99; <u>Humphrey, Farrington & McClain, P.C. v. Commissioner</u>, T.C. Memo. 2013-23; sec. 1.6664-4(b)(1), Income Tax Regs.  After considering the totality of the facts and circumstances, we are satisfied that petitioner, who met with his commercial preparer to review the completed tax return before it was filed, acted in good faith and comes within the reasonable cause exception of section 6664(c)(1).  <u>See</u> sec. 1.6664-4(b)(1), Income Tax Regs.  Therefore, we hold that petitioner is not liable for the accuracy-related penalty under section 6662(a).

## Conclusion

We have considered all of the arguments advanced by the parties, and, to the extent not expressly addressed, we conclude that those arguments do not support a result contrary to that reached herein.

To give effect to our disposition of the disputed issues, as well as respondent's concessions, <u>see</u> <u>supra</u> note 2,

<u>Decision will be entered under</u>

<u>Rule 155</u>.
